Dear Mr. Ranatza:
Your request for an Attorney General's Opinion has been directed to me for research and response. You have asked our opinion on the following question:
 "Can state-appropriated D.A.R.E. funds (awarded to a sheriffs' department), be used to pay the salary and fringe of a Chitimacha tribal police officer if the sheriff enters into a contract with the tribal police force to pay the officer's salary while the officer teaches the D.A.R.E. curriculum in parish schools?'
It would appear that, under the relevant administrative rule, the Chitimacha police officer would have to be viewed as a "consultant".
LAC 22:III.4519 (La. Register Vol. 11, No. 3, March 20, 1985, page 252-253, Office of the Governor Commission on Law enforcement and Administration of Criminal Justice — State Grant-in-Aid Program Procedures, No. 10) states:
 "Consultants and contracts will be limited to research/development and training programs. Consultants may not be used to perform services ordinarily accomplished by existing personnel. . . ."
It appears that teaching the D.A.R.E. program is a "service" which would "ordinarily be accomplished by existing personnel." Accordingly, it appears that it would not be proper to award a D.A.R.E. grant to the St. Mary Sheriff's Office, or any other sheriff's office, which could not offer the program without retaining a person who would be or amount to being a "consultant," to teach the program.
Additionally, the situation embodied in the question you pose seems to suggest the applicability of another administrative rule, LAC 22:53.5301; which states in pertinent part:
 "A. In response to the mounting concern about the use of drugs by youth, the Louisiana Commission on Law Enforcement will make Drug Abuse Resistance Education (D.A.R.E.) grants available to sheriffs' offices and police departments who can demonstrate the capacity to offer the D.A.R.E. program in accordance with the national model. . . ." (Emphasis added).
If a sheriff's office does not have "existing personnel" who can teach the D.A.R.E. curriculum, it would seem questionable whether that office can "demonstrate the capacity to offer the D.A.R.E. program in accordance with the national model. . . ."
You stated in your letter of request that "[U]nder current LCLE guidelines, tribal police departments are not eligible to receive state funds since they are not considered part of the state, parish, or municipal levels of police that fall within the Louisiana criminal justice system." To the extent that an award to the St. Mary Sheriff's office would indirectly constitute granting money to the tribal police department, it would seem that the guidelines you mention would also preclude the proposed grant.
In view of the forgoing, it is the opinion of this office that D.A.R.E. funds may not be awarded to a sheriff's department to be used to pay the salary and fringe of a tribal police officer, even if the sheriff enters into a contract with the tribal police force to pay the officer's salary while the officer teaches the D.A.R.E. curriculum in parish schools.
I trust that the foregoing adequately answers your question. However, if additional information is needed, please do not hesitate to contact me.
Yours truly,
RICHARD P. IEYOUB Attorney General
BY: ___________________________ JAMES A. SMITH, II Assistant Attorney General